O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-649 PSG (Ex) | Date | January 30, 2009 |
|---|---|---|---|
| Title | Cherylnn Costner v. MRA Funding Corp. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

|  Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(In Chambers) Order Denying *Ex Parte* Application for Temporary Restraining Order**

On January 30, 2009, Cherylnn Costner ("Plaintiff"), appearing *pro se*, filed an *ex parte* application for a temporary restraining order ("TRO") with the Court.  In her application, Plaintiff requests a temporary restraining order, enjoining Empire Mortgage X, Inc. ("Defendant") and its agents, servants, and employees from transferring title of ownership of an automobile that Plaintiff allegedly owns.  For the reasons that follow, the Court DENIES Plaintiff's application.

An applicant for a TRO must attempt to give the affected party (or her counsel) actual notice of when and where the application for the TRO is to be made.  *See* Fed. R. Civ. P. 65(b). A TRO may issue without such notice only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*Id.*

Plaintiff's Motion must be denied for two reasons.  First, she has not notified the affected party in this matter.  Granted, she does declare that on January 27, 2009 at 9:50 A.M. she

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-649 PSG (Ex) | Date | January 30, 2009 |
|---|---|---|---|
| Title | Cherylnn Costner v. MRA Funding Corp. | | |

informed an attorney by the name of Dean R. Prober that she was filing the instant Application. But she fails to explain who Mr. Prober represents and how he is related to this case.

The second reason Plaintiff's Application must be denied is because she has not demonstrated that she can seek refuge under any exceptions to the notice requirement, such as those provided in Federal Rule of Civil Procedure 65(b).  Nor has Plaintiff demonstrated that her case falls within those "very few circumstances justifying the issuance of an *ex parte* TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).  For example, courts have granted such a TRO "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing."  *Id.* (citing *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir.1984)). Courts have also recognized "a very narrow band of cases in which *ex parte* orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Reno Air Racing Ass'n*, 452 F.3d at 1131 (citing *Am. Can Co.*, 742 F.2d at 322).  Plaintiff has failed to present evidence demonstrating that her case is so exceptional as to dispose of the notice requirement.  Accordingly, the Court finds that it is without authority to issue an *ex parte* TRO.

Based on the foregoing, the Court DENIES Plaintiff's application.

**IT IS SO ORDERED.**

AB for WH