DEAN PROBER, CSB 106207
HOMAN MOBASSER, CSB 251426
POLK, PROBER & RAPHAEL, A LAW CORPORATION
20750 Ventura Blvd., Suite 100
Woodland Hills, CA 91364
(818) 227-0100
(818) 227-0101 (facsimile)
E.023-171

Attorneys for Movant
EMPIRE MORTGAGE X, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION – ROYBAL BLDG.

| | |
|---|---|
| CHERYLYNN COSTNER,<br><br>   Plaintiff,<br><br>vs.<br><br>MRA FUNDING CORPORATION; S.B.S TRUST DEED NETWORK; EMPIRE MORTGAGE X, INC.; and DOES 1 through 10, inclusive,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  **CV09-649 PSG (Ex)**<br><br>**EMPIRE MORTGAGE X , INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR EMPIRE MORTGAGE X, INC.'S MOTION TO EXPUNGE LIS PENDENS**<br><br>Date:  April 20, 2009<br>Time:  1:30 p.m.<br>Court Room:  790<br><br>[Assigned for all purposes to the Honorable J. Philip S. Gutierrez] |

///

///

///

1

Pursuant to Federal Rules of Evidence section 201, Empire Mortgage X, Inc. hereby requests that the Court take judicial notice of the following:

(1) Trustee's Deed Upon Sale pursuant to California Civil Code § 2924 for the property located at and more commonly known as, 3737 Aguilar Street, Los Angeles, Califiornia 90065, giving title to Empire Mortgage X, Inc.  A true and correct copy of the Trustee's Deed Upon Sale is attached hereto as **Exhibit "A"** and made a part hereof.

(2) The pleadings filed in the case entitled *Empire Mortgage X, Inc. v. Gary Costner, Cherylynn Costner,  et. al, Los Angeles Superior Court Case number 08U02716.*   A true and correct copy of the caption page of the unlawful detainer action is attached hereto as **Exhibit "B"** and is made a part hereof.

(3) Plaintiff's Motion for Declaratory Relief for the Court's Denial of Plaintiff's Objection to the Court's Jurisdiction in the Unlawful Detainer Action. A true and correct copy of Plaintiff's Motion is attached hereto as **Exhibit "C"** and is made a part hereof.

(4) Plaintiff's Motion Requesting a Evidentiary Hearing on the "Trial Court's Intentional Violation of the Ku Klux Klan Act" in the Unlawful

REQUEST FOR JUDICIAL NOTICE IN SUPPORT EMPIRE MORTGAGE X, INC.'S EX PARTE APPLICATION

Detainer Action. A true and correct copy of Plaintiff's Motion is attached hereto as **Exhibit "D"** and is made a part hereof.

(5) The Court's Injunction Prohibiting Removal of Any Action to the Bankruptcy Case in the case of *In re: Bankers of Ruptcy / Hypothecators & Wholesalers, Gilbert Welton Jackson, U.S. Bankruptcy Court Case number LA-06-15390AA.* A true and correct copy of the Court's Order is attached hereto as **Exhibit "E"** and is made a part hereof.

(6) The pleadings filed in the case entitled *Cherylynn Costner, et. al, v. Les Wilson, et al., Central District of California Case number. 08-07676.* A copy of the caption page of the Central District of California action is attached hereto as **Exhibit "F"** and is made a part hereof.

Dated: April 9, 2009

POLK, PROBER & RAPHAEL

By: _____

HOMAN MOBASSER
Attorney for Movant

REQUEST FOR JUDICIAL NOTICE IN SUPPORT EMPIRE MORTGAGE X, INC.'S EX PARTE APPLICATION

**EXHIBIT A**

RECORDING REQUESTED BY:
**ALLIANCE TITLE COMPANY**

AND WHEN RECORDED TO:
**EMPIRE MORTGAGE**
**11350 MCCORMICK ROAD, EP III, #502**
**HUNT VALLEY, MD 21031**
**LINDA LIBERTO**
**Forward Tax Statements to**
**the address given above**

_____

ᴄE ABOVE LINE FOR RECORDER'S USE

TS #: 06-5071-CA                          Order #: **6707666**
Loan #: 1001783084                        Investor #:

# TRUSTEE'S DEED UPON SALE

A.P.N.: 5459-020-031                     Transfer Tax: $0.00
"THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CO , SECTION 480.3"
The Grantee Herein was The Foreclosing Beneficiary.
The Amount of The Unpaid Debt was **$433,004.08**
The Amount Paid By The Grantee Was  **$400,000.00**
Said Property Is In The City of **LOS ANGELES**, County of **Los Angeles**

**ALLIANCE TITLE COMPANY**
, as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly ppointed Trustee) does
hereby GRANT and CONVEY to

# EMPIRE MORTGAGE X, INC

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest nveyed to and now held by
it as Trustee under the Deed of Trust in and to the property situated in the county of **Los Angeles**, State ( California, described as
follows:

**LEGAL DESCRIPTION ATTACHED**

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by G  RY STEVEN COSTNER
**AND CHERYLYNN COSTNER, HUSBAND AND WIFE AS JOINT TENANTS** as Trustor, dated 1  9/2006 of the Official
Records in the office of the Recorder of **Los Angeles**, California under the authority and powers vested in  he Trustee designated in the
Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed of Trust pursuant  the Notice of Default and
Election to Sell under the Deed of Trust recorded on 2/1/2006, instrument number 06 0239750, Book —,  ge — of Official records.
Trustee having complied with all applicable statutory requirements of the State of California and perform  all duties required by the
Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recordin  nd a Notice of Sale at least
twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice ( mpliance with California
Civil Code 2924b.

**EXHIBIT A**

# TRUSTEE'S DEED UPON SALE

TS #: 06-5071-CA
Loan #: 1001783084
Order #: 6707666

All requirements per California Statutes regarding the mailing, personal delivery and publication of copie: f Notice of Default and
Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of T stee's Sale have been
complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers unc  said Deed of Trust sold
said real property at public auction on 1/31/2008. Grantee, being the highest bidder at said sale became tl  purchaser of said property
for the amount bid, being **$400,000.00**, in lawful money of the United States, in pro per, receipt thereof ii ereby acknowledged in
full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, ALLIANCE TITLE COMPANY
, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized b  ts corporation by-laws.

Date: 1/31/2008

ALLIANCE TITLE COMPANY

By: Financial Title Company, its agent

By: _____
Marcy Axelrod

State of California } ss.
County of ORANGE }
On **2/7/2008** before me, ALMA NUNEZ  the undersigned Notary Public, personally appeared **Marcy A:**     **rod**  proved to me on the
basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrumen         nd acknowledged to me
that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signa         e(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing para    aph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
ALMA NUNEZ

LMA NUNEZ
Corr       ssion # 1501688
Nota       Public - California
nge County
My Con    . Expires Jul 19, 200i

ORDER NO: 6707666                                              GUAR/ TEE NO: 27-092-01 69514

# EXHIBIT A

## LEGAL DESCRIPTION

REF. NO.06-5071-CA

PARCEL 1:

LOT 17, BLOCK 9 OF TRACT 6124, IN THE CITY OF LOS ANGELES, ᴺ OUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOC  68 PAGES 13 THROUGH 18 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY REᴄ ORDER OF SAID COUNTY.

PARCEL 2:

THAT PORTION OF LOT B, OF TRACT 7160, IN THE CITY OF LOS ANGELES, ᴄOUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 81 ᴴ GES 78 AND 79 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELE  COUNTY LYING EASTERLY OF THE NORTHERLY PROLONGATION OF THE WESTERLY LI ᴇ OF LOT 17 IN BLOCK 9 OF TRACT NO. 6124, IN THE CITY OF LOS ANGELES, COUNTY ᴄ  LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 68 PAGES  ᴃ THROUGH 18 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF LOS  NGELES.

EXCEPT THEREFROM OIL, ALL MINERAL AND COAL TOGETHER WITH Nᴵ ᴇSSARY RIGHT OF WAY AND SPACE FOR WORKING THE SAME AS RESERVED IN THE DE  ᴅ RECORDED IN BOOK 101 PAGE 51 OF DEEDS.

**EXHIBIT B**

1  POLK, PROBER & RAPHAEL A LAW CORPORATION **CONFORMED COPY**
2  DEAN PROBER, ESQ., #106207                                OF ORIGINAL FILED
   20750 VENTURA BLVD., #100                            Los Angeles Superior Court
3  WOODLAND HILLS, CA  91364                                **FEB 2 9 2008**
   (818) 227-0100                                              FEB
4  E.023-U017                                          John A. Clarke, Executive Officer/Clerk

5  Attorneys for Plaintiff                                By D. Alexander, Deputy

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11  EMPIRE MORTGAGE X, INC.,          )   Case No.  08U02716
                                      )
12          Plaintiff,                )   COMPLAINT FOR UNLAWFUL
                                      )   DETAINER
13  vs.                               )
                                      )
14                                    )
    GARY COSTNER; CHERYLYNN           )
15  COSTNER; and DOES 1 through 25,   )
    inclusive,                        )
16                                    )
                                      )
17          Defendant(s).             )
                                      )
18  _____)

19

20       Plaintiff complains of the Defendants and for cause of action alleges:

21       1.  Plaintiff is a corporation and a national mortgage banker organized and existing under

22  and by virtue of the Laws of the United States, duly licensed and authorized to do business in the

23  State of California.

24       2.  The true names and capacities, whether individual, corporate, associate or otherwise

25  of Defendants named herein as Does 1 through 25, inclusive, and each of them, are unknown to

26  Plaintiffs, who therefore sues said Defendants by their fictitious names under Code of Civil

27

28

1

COMPLAINT FOR UNLAWFUL DETAINER

**EXHIBIT C**

1  CHERYLYNN COSTNER
   12211 Ojai Santa Paula Road
2  Ojai, California 93023

3  Hewlette Rogers Brown
   3737 Aguilar Street
4  Los Angeles, California 90065

5  (323) 599-1028
   In Pro Per, as Defendants

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

               FOR THE COUNTY OF LOS ANGELES
9
                                    Limited Jurisdiction
10

11 EMPIRE MORTGAGE X, INC.,            Civil Case, File No. 08U02716

12         Plaintiff,                  NOTICE OF MOTION AND MOTION FOR
                                       DECLARATORY RELIEF REGARDING
13 V.                                  COURT'S SUBJECT MATTER JURISDICTION
                                       THAT ORDERED ON JUNE 2, 2008 TO DENY
14 GARY COSTNER; ET AL,                DEFENDANT'S OBJECTION TO SUBJECT
           Defendants.                 MATTER JURISDICTION; DECLARATION OF
15                                     CHERYLYNN COSTNER

16                                     Date: July 7, 2008
                                       Time: 8:30 AM
17                                     Location: 110 N. Grand Ave. Los Angeles, CA
                                       90012
18                                     Courtroom: 636
                                       Department: 12
19

20                                     Judge: Barbara A. Meiers

21

22        TO THE COURT, THE PLAINTIFF AND THE ATTORNEY OF RECORD:

23        TAKE NOTICE THAT DEFENDANTS CHERYLYNN COSTNER and HEWLETTE ROGERS

   BROWN (ERRONEOSLYLY SUED AS DOE), on July 7, 2008 at 8:30 AM at 110 N. Grand
24
   Ave. Los Angeles, CA 90012 in department 12 will move the Court under the provisions of CCP
25
   86 (a) (7) (A) for declaratory relief regarding is ordering to "Deny" the plaintiff's Objection to
26
   Subject Matter Jurisdiction and Notice of Trial Void Ab Initio as a Matter of Law et seq,.
27
          This motion will be made on the grounds that:
28

IE.023-U017

1.    Plaintiff's have a right to request the order under the provisions of CCP §86 (a) (7) (A) that provides declaratory relief in limited jurisdiction cases.

2.    The Court sue sponte converted the plaintiff's objection into a motion, when the plaintiff had the burden of proof to show if possible that the Court had subject matter jurisdiction over the issues raised in the Complaint for Unlawful Detained, and the Plaintiff who was served on March 21, 2008 had not filed in over two month or 73 days any opposition at all and therefore should have been denied oral argument at the time of Hearing and the "motion" should have therefore been granted and subsequently the case dismissed for said lack of subject matter jurisdiction.

3.    The Defendant request that the Court support their decision to claim subject matter jurisdiction over the dispute of title to the real property in question,

4.    Whereas the Court rulings based on known Fraud, that would deprive the Court further of subject matter jurisdiction, how did the Court determine the case to be valued at less than $10,000 (ten thousand dollars) as the attorney Dean Prober has alleged in his complaint for plaintiff Empire Mortgage X, Incorporated, appearing to merely be a fraud upon the Court and form shopping, when CHERYLYNN COSTNER is the Fee Title holder to the subject real property appraised at $580,000.00., and;

5.    Whereas the Court denied the defendants of any Court reported transcript and or audio recording of the proceeding on June 2, 2008, the defendant needs the Court to explain the order of June 2, 2008 in the interest of justice, the Court's truth seeking process, the Court's integrity, and to preserve the record should the case proceed to a higher court as well as to preserve the rights of the defendants.

This motion will be made on the notice, memorandum of points and authorities, all records and papers in the file and any oral testimony that may be had at hearing on the motion.

Respectfully submitted,

Dated: June 10, 2008          _____

                               CHERYLYNN COSTNER
                               In Pro Per, as Defendant

Dated: June 10, 2008          _____

                               HEWLETTE ROGERS BROWN
                               In Pro Per, as Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   History

The Plaintiff Empire Mortgage X, Inc. filed a complaint for unlawful detainer without any evidence of perfecting title to real property in question, or that they had ever attempted to create a "landlord tenant relationship" to justify an action eviction of tenants of a real property that they do not own and are not in possession of.

Upon, service of the Summons and Complaint the defendants responded in filing "Defendant's Objection to Subject Matter Jurisdiction" and in a violation of the Penal Codes of the State of California regarding the Official Filings of the Court, the file was tampered with and the document was removed and sent back to the defendants, who had to file it again at a later date.  The Court has demonstrated in the removal of the Defendants responsive pleading a willingness to know fully and intentionally act as attorney on behalf of the plaintiffs to cause prejudice against defendants, as was again demonstrated in an abusive court proceeding that was a defacto Star Chamber, with no recording of the proceeding other that the minute order made by the judge who was behaving outrageously at the time of the "trial" yelling at the defendant and acting as attorney for the plaintiff who had failed to file any form of opposition to the defendant's objection to jurisdiction, knowing the biased Court would act as his shield and deny the defendants of all of their civil and Constitutional rights as provided by law.

## II.   Statement of Facts

The title is in dispute to the real property in question that has an appraised valued at or about $580,000.00. The Superior Courts in the State of California, Limited Jurisdiction is exclusively for complaints under $25,000.00 in controversy.

The Plaintiff is represented by a member of The State Bar of California and is a professional lawyer who does not need to be a mathematician to know that 580,000 is a greater number than 25,000, therefore it would appear clear and indisputable to a *"reasonable man"* that the plaintiff's claim to under 10,000 dollars to be in controversy is a fraudulent statement entered into the record in order to seek a "fast track" erroneous ruling through clerks, commissioners, pro temps and judge(s) under false pretense.

The "Trial" Judge was aware that the trial was void ab initio but, with out any supportive law, or

legal explanation at all turned the Courtroom into a Kangaroo Court with no more honor than a Star Chamber, allowing the Plaintiff to be the only litigant to speak other than identifying who they made their appearance for, and legally ambush the in pro per litigant whose objection to jurisdiction had remained undisputed since its first filing on March 21, 2008 and to date has nothing in the record to support the Court's order to deny as if it were a motion by the limited jurisdiction court.

### III   Arguments

1. Lack of Subject Matter Jurisdiction cannot be waived by parties or the Court.

A judge does not have any discretion, but a duty, to know the law and to comply with the law, when a higher court has ruled upon the law. People v. Gersch, 135 Ill.2d 384, 553 N.E.2d 281 (1990); Agricultural Transp. Ass'n. v. Carpentier, 2 Ill.2d 19, 116 N.E.2d 863 (1963). Any act contrary to the above would be an action without lawful authority, a violation of the Constitution and of the judge's oath. A judge has no discretion to engage in a war against the Constitution. Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401 (1958). The judge would be acting without subject-matter jurisdiction, and as stated below, would be engaged in an act of treason.

A judge does not have discretion on whether to follow Supreme Court Rules ("SCR"); a judge has a duty to follow SCR. People v. Gersch, 135 Ill.2d 384 (1990). Apparently Judge Barbara Mayer has no respect for judges of higher courts; she prefers to rule by the rule of man/woman, rather than the rule of law.

If judges have no respect for the law or for other judges, then one must question why judges expect the public to have any respect for judges. In the interest of the Court's integrity and in the People's Interest in Justice, the lower court should by stare disisis submit to proper jurisdiction and dismiss the plaintiff's case as it is not properly before the Court.

### 2.   The Court's converting the objection to Subject Matter Jurisdiction into a motion evokes timely opposition by opposing party.

There has been no opposition provided by the Law Firm Polk, Prober & Raphael to contest the defendants

"moving" papers, and therefore the Court showed indisputable prejudice against defendants by telling defendant CHERYLYNN COSTNER to leave the court room if she objected to the Court's lack of subject matter jurisdiction and ex-parte hearing her so called motion in the privacy without and record with the attorney who waived his right to oral argument by failing to carry the burden of proof that the limited jurisdiction of the Superior Court of California Los Angeles County, in violation of the **US Constitution's Equal Protection of Civil Rights Clause and requirements for Due Process and Procedural Due Process**.

3.      **The Court Order rendered in the knowledge of Noticed Lack of Subject matter Jurisdiction constitutes Civil Treason**

Under the Supreme Law of the Land, whenever a judge acts when the judge does not have subject-matter jurisdiction, the judge is engaged in an act of treason. U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821).

A 1997 Appellate Court, in People v. Lambert, stated that a judge's "failure to enforce the law invites anarchy." The defendants suggests that the failure of Judge Barbara A. Meiers to follow the law and the public policy of the State of California involves her engaging in actions of inviting anarchy.

Since subject-matter jurisdiction was never lawfully conferred upon the court, no judge has lawful authority to act in case no. 08u02716, Judge Barbara Meiers has engaged in an act of treason.

4      **LACK OF SUBJECT-MATTER JURISDICTION**

As a matter of law, there is no presumption of subject-matter jurisdiction in a statutory proceeding, such as in unlawful detainer. Subject-matter jurisdiction has been denied in this case. Until and unless the original Plaintiff proves that subject-matter jurisdiction in all of its elements and in all situations have been met, and at the proper time, this Honorable Court is devoid of any subject-matter jurisdiction.

Empire Mortgage X, Inc., plaintiff and the attorneys of record have not, and cannot prove, that the 08U02716 trial court ever held subject-matter jurisdiction.

Subject-matter jurisdiction has never been lawfully conferred upon the Superior Court of the State of California, County of Los Angeles, Limited jurisdiction, Case number 08U02716.

IV    **Conclusion**

The Court should provide a detailed declaration provide the case law and statutory authority, if any, that provides the subject matter jurisdiction over the issued raised and disputed in the this case's Complaint for Unlawful Detainer, or in the alternative, dismiss the case in it entirety.

Respectfully submitted,

Dated: June 10, 2008        CHERYLYNN COSTNER
                            In Pro Per, as defendant

Dated: June 10, 2008        HEWLETTE ROGERS BROWN
                            (Erroneously sued as Doe)
                            In Pro Per, as Defendant

**DECLARATION OF CHERYLYNN COSTNER**

I, CHERYLYNN COSTNER, do declare:

1.    The following statements are known to me personally, and if I were called to testify, would do so honestly and truthfully.

2.    I make this declaration in support of NOTICE OF MOTION AND MOTION FOR DECLARATORY RELIEF REGARDING COURT'S SUBJECT MATTER JURISDICTION THAT ORDERED ON JUNE 2, 2008 TO DENY DEFENDANT'S OBJECTION TO SUBJECT MATTER JURISDICTION.

3.    The Pro Se Doctrine of the US Supreme Court Haynes v Kerner 404 U.S. 519 [1972] holds that in pro per litigants are not to be held to the same standard as a practicing trained attorney and officer of the court. I write with an "unlearned hand" and I request under stare decisis that this court look at the content over form of this pleading because Haynes v. Kerner

holds that however unartfully a pleading is presented, it is the Court's duty to ascertain what relief is sought and see that justice is not only done, but seen to be done as well.

4.   If in fact this honorable Court proceeds to prosecute the herein civil matter classified as case number 08U02716 beyond the motion for declaratory relief it will leave me no choice but to seek appropriate relief as set out in the supreme law of the land/U.S. Constitution and all United States Supreme Court rulings that command the proper capacity and duties of the judiciary, including but not limited to judges, commissioners, and officers of the Court, also known as attorneys licensed by The State Bar of California.

5.   On June 2, 2008 I was deprived of my civil and Constitutional rights to equal protection of the law, due process and procedural due process.

6.   When the attorney Dean Prober made illegal requests to the Court and I stated my objection Judge Barbara A. Meiers told me to "Shut up". Her tone was unprofessional as she yelled at me throughout the time I was there until she told me to leave.

7.   The violations of the Judicial Canons of Ethics by Judge Barbara A. Meiers made me afraid of her, especially when she was forcing me into a defacxto Star Chamber proceedings without any witnesses on my behalf or recording of the proceeding.

8.   I was told by Judge Barbara A. Meiers that the Court had a rule that limited jurisdiction cases are never allowed transcripts or audio recordings, even though I told her I had just spoke to the Court Reporter's office of the Court that said I could ask for another courtroom that at least had audio equipment.

9.   The Plaintiff's attorney Dean Prober and the judge Meiers acted one with another to deny me of my rights and to intimidate me as to confuse me. I felted assaulted and emotionally distressed by their aggressive words and vocal tones used against me and believe that their actions were premeditated which is why they did not want any evidence to be made by having a transcript or audio recording constituting obstruction of justice.

10.   I herein give notice by filing and responding to the herein Order of June 2, 2008 by motion for declaratory relief that I have not submitted and will not submit to the plaintiff's alleged subject matter jurisdiction of the issues raised in the Complaint for Unlawful Detainer by this honorable Court of limited jurisdiction.

11.     I herein respectfully and politely request that this honorable Court on its own motion execute the appropriate order addressing the facts and statements stated herein.

        The foregoing is true and correct under the penalty of perjury of the laws of the State of California, executed this 10th day of June, in the City of Los Angeles, California,

                                        _____
                                        CHERYLYNN COSTNER
                                        Declarant

PROOF OF SERVICE

Case No. 08U02716

I, Edward P. Reddeck, do declare,

I am over the age of 18 and my normal business address is 1156 Central Avenue, suite 400, Los Angeles, California 90012.

On June 10, 2008 I mailed by first class mail the
NOTICE OF MOTION AND MOTION FOR DECLARATORY RELIEF REGARDING COURT'S SUBJECT MATTER JURISDICTION THAT ORDERED ON JUNE 2, 2008 TO DENY DEFENDANT'S OBJECTION TO SUBJECT MATTER JURISDICTION; DECLARATION OF CHERYLYNN COSTNER
postage prepaid in sealed enveloped addressed as follows:

Dean R. Prober
Polk, Prober & Raphael
20750 Ventura Blvd #100
Woodland Hills, CA 91364

I declare the above statement under the penalty of perjury of the state of California.

Dated: June 10, 2008                _____

                                                   Edward P. Reddeck,  Declarant

**EXHIBIT D**

E. 023-4017

1   CHERYLYNN COSTNER
    12211 Ojai Santa Paula Road
2   Ojai, California 93023

3   Hewlette Rogers Brown
    3737 Aguilar Street
4   Los Angeles, California 90065

5   (323) 599-1028
    In Pro Per, as Defendants
6

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF LOS ANGELES

10                    Limited Jurisdiction

11

12   EMPIRE MORTGAGE X, INC.,          Civil Case, File No. 08U02716

13                                     DEMAND   FOR   RECALL   OF   DEFAULT
            Plaintiff,                 JUDMENT ENTERED AGAINST DEFENDANTS
14   V.                                CHERYLYNN  COSTNER  AND  HEWLETTE
                                       ROGERS BROWN;
15   GARY COSTNER; ET AL,
            Defendants.                EVIDENTARY HEARING ON TRIAL COURT'S
16                                     INTENTIONAL VIOLATIONS OF KU KLUX
                                       KLAN ACT AND FRAUDULENT ENTRY OF
17                                     DEFAULT     JUDGMENT     AGAINST
                                       DEFENDANTS CHERYLYNN COSTNER AND
18                                     HEWLETTE  ROGERS  BROWN  [Government
                                       Code, sections 6203, 6253 (b), 68151 (a) (1)]
19
                                       Date set for Evidentary Hearing: July 14, 2008
20                                     Time: 8:30
                                       Location: 110 N. Grand Ave. Los Angeles, CA
21                                     90012
                                       Courtroom: 12
22
                                       Judge: Barbara A. Meiers
23

24          TO THE COURT, THE PLAINTIFF AND THE ATTORNEY OF RECORD:

25          TAKE NOTICE THAT PLAINTIFFS CHERYLYNN COSTNER and HEWLETTE

26   ROGERS BROWN (ERRONEOSLYLY SUED AS DOE) HEREBY DEMAND FOR RECALL

27   OF DEFAULT JUDMENT ENTERED AGAINST DEFENDANTS CHERYLYNN COSTNER

28   AND HEWLETTE ROGERS BROWN.

     **DEMAND FOR RECALL OF DEFAULT JUDMENT ENTERED AGAINST DEFENDANTS**

1   Judge Barbara A. Meiers' act to compounded an extensive conspiracy to deprive the

2   defendant of Justice, Due Process, Equal protection of the law, and have further compounded the

3   racketeering enterprise conspiracy by lawyers serving as judges and attorneys for the rich,

4   powerful and politically connected who have conspired to set up a monopoly on the practice of

5   law to prevent obstruct those who are exercising their absolute right to protect their interest as

6   attorneys in fact knowing that Bar licensed lawyers will betray their interest for more powerful

7   and well connected lawyer or lawyers on the bench  acting as judges in intentional violation of the

8   Ku Klux Klan Act.

9   Judge Barbara A. Meiers conducted on June 2, 2008 a defacto Star Chamber proceeding

10   were she lacking subject matter jurisdiction she had a Trial and instructed the defendant present to

11   leave and in the defendants absence had an ex-parte hearing with the plaintiff's lawyer Dean

12   Prober while the entire proceeding was intentionally conducted so that their fraud and criminal

13   activities would be without a record. There was no court reporter, or audio or video recording.

14   Then when defendants filed a Motion for Declaratory Relief, so that there would be an

15   opportunity to establish a record, Judge Meiers removed the motion from the file and hid it in her

16   chambers while the Clerks of the Court denied its existence and refused to docket into the public

17   record, causing tremendous mental and emotional distress and anguish including hours and days

18   of unnecessary effort to locate the pleading the get it properly placed into the public record and

19   out of the Judge's chambers were it was secretly hidden.

20   In addition to the defendant's objection to subject matter jurisdiction, Judge Barbara A.

21   Meiers lack additional subject matter jurisdiction because the plaintiff never filed any opposition

22   to Defendant's Objection to Subject Matter Jurisdiction as a Matter of Law.  The burden of proof

23   is on the plaintiff to prove jurisdiction, and lack of timely opposition to provide notice to the

24   defendant of what grounds, if any, the plaintiff could have provided are non-existent. By not

25   opposing the defendant's objections the plaintiff were barred from making any oral argument

26   when the Court tried to *sue sponte* order the defendants responsive pleading *"Denied"* under

27   false pretense by alleging the responsive pleading to be a written motion for an order by the

28   Court, knowing that even if it were a motion, she cannot grant subject matter jurisdiction to

   herself when she lacks subject matter jurisdiction in the first place, as undisputed in the record.

The sham "Trial" Judge Barbara A. Meiers had was unauthorized on its face as the plaintiffs were barred from making any kind of oral argument at all. Therefore, all of the unauthorized information, as well as any ruling that she made must be thrown out, as the "trial" itself was illegal and she is trying to railroad the process because she knows that should the plaintiff not dismiss their case before the motion set for July 7, 2008 due to having illegally completed an eviction of the true Simple Fee Title owners of the real property located at 3737 Aguilar Street in Los Angeles, her declarative relief in this case would document her judicial misconduct and fraud upon the court, preventing public record, appellant review and judicial misconduct complaint.

Judge Barbara A. Meiers has demonstrated what is a little known but very common practice of acting as the attorney for the rich and powerful, well connected when facing opposition from individuals defending themselves as attorney in fact, who engage in all manner of illegal immoral and unethical acts to fix the outcome of any case in favor of those with personal connections with the court or as an unwritten custom of the legal profession to discriminate against the poor and the disadvantaged while protecting their interest from the rich and powerful and their connected lawyers licensed by The State Bar of California.

This is further and additional evidence that The State Bar of California and its various members are part of an indisputable racketeering enterprise designed to deprive We the People of their money, property, civil and Constitutional rights an impartial judiciary and meaningful access to the courts for Justice, which is protected by a conspiracy of silence and a bodyguard of lies, deceit and treachery of which defendants are only a few of the hundreds of thousands of Californians who are being legally raped and molested by pedophile like lawyers of The State Bar of California because most Californians are like little innocent children before the Court if they are not a professional attorney at law. The administers or priests of the Church of Law are like, by comparison of those priests in the Roman Catholic Church, who while sexually abusing little children were being protected in their outrageous degeneracy by fellow priests and officials of the Church. In like manner the lawyers and judges who may not be directly involved in the acts of legal pedophilia themselves, are aiding and abiding or covering up the abdominal acts of their follow ministers in the Church of Law. Even those few attorneys who chose to fulfill the moral

and legal duty to whole heartedly protect their clients interest are also threatened and intimidated by various judge with sanctions, fines and disbarment (ex-communication) and thereby loss of their livelihood forcing them to become Benedict Arnold and Judas' betraying their clients interests and right to justice.

The California Public Records Act was enacted in 1968 to safeguard the accountability of the government to the People for the People by the People [and] for the People" San Gabriel Tribune v. Superior Ct (1983 2nd District) 143 Cal App3d 762. The California Legislature Finding and Declaration states that *"the Legislature, mindful of the right of individuals to privacy, finds and declares that access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state".*

The Clerks of the Court have issued a default judgment knowing that the defendants are not in actual fault, they are removing from the file defendant records and hiding them and then in violation of the well established Nuremberg trial that established that following illegal orders is no defense, and Judge Barbara A. Meiers committed a further act in this conspiracy by personally holding the defendants documents in her Chambers outside the file and ordering the clerks to enter and sustain a fraudulent entry of default judgment against the defendants.  The Clerk of the Court has no defense as it has been well established in American law that the civil War trial at Fort Sumter that following orders given by a superior which are illegal is the claim that following said illegal order is no defense.  This was reaffirmed at the Nuremberg War Trial of Nazi government official charged with War Crimes (civil rights violations)

For the above stated reasons, the Default Judgment entered against CHERYLYNN COSTNER and HEWLETTE ROGERS BROWN should be recalled immediately before incurable damages and irreparable harm is inflicted upon defendants.  In the alternative, an evidentiary hearing will take place on July 14, 2008.  Please take Judicial Notice that any person through their acts or omissions does anything to further violate the defendant's rights will be joined to this conspiracy In Toto will be held accountable in the appropriate court of law.

Respectfully submitted,

Dated: June 18, 2008

CHERYLYNN COSTNER
In Pro Per, as Defendant

DEMAND FOR RECALL OF DEFAULT JUDMENT ENTERED AGAINST DEFENDANTS    4

# PROOF OF SERVICE

Case No. 08U02716

I, Edward P. Reddeck, do declare,

I am over the age of 18 and my normal business address is 1156 Central Avenue, suite 400, Los Angeles, California 90012.

On June 18, 2008 I mailed by first class mail the
DEMAND FOR RECALL OF DEFAULT JUDMENT ENTERED AGAINST DEFENDANTS CHERYLYNN COSTNER AND HEWLETTE ROGERS BROWN;

EVIDENTARY HEARING ON TRIAL COURT'S INTENTIONAL VIOLATIONS OF KU KLUX KLAN ACT AND FRAUDULENT ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS CHERYLYNN COSTNER AND HEWLETTE ROGERS BROWN [Government Code, sections 6203, 6253 (b), 68151 (a) (1)]
postage prepaid in sealed enveloped addressed as follows:

Dean R. Prober
Polk, Prober & Raphael
20750 Ventura Blvd #100
Woodland Hills, CA 91364

I declare the above statement under the penalty of perjury of the state of California.

Dated: June 18, 2008

_____
Edward P. Reddeck,  Declarant

June 17, 2008

Art Acevedo
Senior Administrator of Civil Operations
Superior Court of the Sate of California, County of Los Angeles


Re:   COMPLAINT OF OBSTRUCTION OF JUSTICE CAUSED BY
CLERKS OF THE COURT.
        Superior Court Civil Case number: 08U02716

Dear Mr. Acevedo:

        As per our earlier conversation, this letter is to inform you that Nada
Castro in Administration at approximately 4:00 today authorized me to file a
complaint for damages against herself personally and the Clerk of the
Court's Office for intentional violations of defendant's federally protected
civil rights to Due Process and Equal Protection of the law.  Furthermore,
the clerical misconduct and fraud upon the Court may be further prosecuted
due to crimes committed in violation of Government Code 6203 regarding
false certificates misdemeanor for entering a default judgment against me by
tampering with the record so that my motion made for a hearing on July 7,
2008 would not be timely processed into the file of this case as required by
Government Code 68151 (a) (1) "All filed papers and documents in the case
folder . . . and documents that would be in case folder if one had been
created," as well as cause of action for fraud and intent to defraud.

        After receiving a Request for Entry of Default mailed to me by the
plaintiff in the US Mail, I contacted the clerk's office and was told that
default had already been entered in favor of the plaintiff, and my motion
before that court was being omitted from the record.

        I viewed the case file at Nada Castro's office and although the
plaintiff had numerous documents filed by the Clerk of the Court and signed
as an order and entered against us, my moving papers regarding the order of
June 2, 2008 was not appearing with the record.  When I was at her office
just before lunch her assistant tried to convince me that there was nothing on
calendar and that her computer did not show that I had a motion, so when I
returned to Ms. Castro's office with a certified Register of Actions Notice
that had my motion appearing with the hearing date I also gave to Ms.

Exhibit 1

Castro a Request for Records for a certified copy of my motion. However, some unknown person has hidden my motion so that I cannot have access to it, in violation of Government Code 6253 (b).

The motion in question alleged that the Judge Meiers has committed an act of civil treason by knowingly ruling without subject matter jurisdiction. I have a right to seek a record for appeal if necessary of under what law if any Judge Meiers believes that she can grant herself subject matter jurisdiction without first having subject matter jurisdiction, a serious legal matter that cannot be waived by the Court or parties. Now, through an inside agent working in collusion with the plaintiff and the Judge my moving document is missing from the file and the clerks fraudulently represented to me that it had not been filed. Thus, I am being penalized by a default judgment whereas it appears that the Clerk of the Court is acting one with another in collusion with the plaintiff and the judge to commit a misdemeanor to issue a false certificate that may cause the Sheriffs of Los Angeles County to wrongfully evict and lock my family out of our house in violation of the Ku Klux Klan Act as codified in 42 USC 1983 et seq.

The California Public Records Act was enacted in 1968 to safeguard the accountability of the government to the People for the People by the People [and] for the People" San Gabriel Tribune v. Superior Ct 1983 2nd District 143 Cal App3d 762. The California legislature Finding and Declaration states that "the Legislature, mindful of the right of individuals to privacy, finds and declares that access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state.

Whereas I provided proof to Ms Castro's office that I am a moving party on calendar, thereby not in default before the court and am properly before the court to move for declarative relief as to how the court made its order, which is essential as even you suggested a Writ of Mandate as a possible remedy, the Court of Appeals would also need to know under what authority did judge Barbara A. Meiers render her June 2, 2008 order. At the sham *"trial"* of June 2, 2008 the Court refused to require the plaintiff to file written opposition to the Defendant's Objection to Subject Matter Jurisdiction and then created a non-existent law that forbid court reporters or audio recordings in limited jurisdiction matters so that she could proceed as if presiding in a defacto Star Chamber so that she could do her dirty work under cover of darkness where all evidence of her criminal acts would be

destroyed or not preserved, thereby committing the *"perfect crime"* while in the process conspiring to obstruct the People's command for Justice and intentionally preventing record for appeal and prevent the Court of Appeal of exercising its supervisory duties over the lower courts.

The actions of the Clerks of the Court to falsify certificates and tamper with the case file is part of a long lasting pattern, practice and custom of the clerks running interference for the judges while obstructing meaningful access by the People to their own courts which have been hijacked by the members of The State Bar of California for their own personal and private gain.  I intend to have a full evidentiary hearing to prepare an extensive public record on these un-Constitutional acts by your office for the public record and appellant review.

I hereby demand that you instruct your subordinate to cease and desist their illegal activities before further irreparable damages occur.

Your prompt attention to this matter is appreciated very much.

Sincerely,

CHERYLYNN COSTNER

**EXHIBIT E**

# UNITED STATES BANKRUPTCY COURT
## Central District of California

I hereby attest and certify that on _OCT. 28, 2008_ the attached reproduction(s), containing ___4___ pages, is a full, true and correct copy of the complete document entitled: _INJUNCTION PROHIBITING REMOVAL OF ANY ACTION TO THIS BANKRUPTCY CASE_

which includes: ☐ Exhibits   ☐ Attachments

on file in my office and in my legal custody at the marked location:

☒ 255 E. Temple Street, Suite 940
Los Angeles, CA 90012

☐ 411 West 4th Street, Suite 2074
Santa Ana, CA 92701-4593

☐ 21041 Burbank Boulevard
Woodland Hills, CA 91367

☐ 3420 Twelfth Street, Suite 125
Riverside, CA 92501-3819

☐ 1415 State Street
Santa Barbara, CA 93101-2511

Jon D. Ceretto, Clerk of Court

By: _____
Deputy Clerk

**THIS <u>CERTIFICATION</u> IS VALID ONLY WITH THE
UNITED STATES BANKRUPTCY COURT SEAL.**

Revised 11/98



FILED & ENTERED

SEP 22 2008

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY may        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re:

Bankers of Ruptcy/ Hypothecators & Wholesalers,

Gilfert Welton Jackson

                        Debtor(s).

Case No: LA-06-15390AA

Chapter: 7

**INJUNCTION PROHIBITING REMOVAL OF ANY
ACTION TO THIS BANKRUPTCY CASE**

Date of Hearing :  September 17, 2008
Time:               11:00 a.m.
Place:              255 E. Temple Street
                    Courtroom 1375
                    Los Angeles, CA 90012

     The Court's Order to Show Cause Why There Should Not Be A Prohibition Against Removing Actions To Debtor's Bankruptcy Case came before the Court at the above stated hearing date and time with any appearances noted on the record. The Court finds that all the Superior Court cases were removed to this bankruptcy case for the sole purpose of invoking the automatic stay and stalling the Superior Court actions. The Court

    **HEREBY ORDERS** that all parties and/or entities are enjoined from removing any claim(s), cause(s) of action or action(s) to the Debtor's bankruptcy case: (1) by filing a notice of removal or any

\\\
\\\
\\\
\\\

- 1 -

other pleading purporting to remove any such claim(s), cause(s) of action or action(s), or (2) by using any other means.

DATED: September 22, 2008

_Alan M. Ahart_
United States Bankruptcy Judge

## SERVICE LIST FOR ENTERED ORDER

| Electronic | Mail |
|---|---|
| Ron Maroko   ron.maroko@usdoj.gov | Bankers of Ruptcy/ Hypothecators & Wholesalers |
| Kyra E Andrassy   kandrassy@wgllp.com | 4285 Crenshaw Blvd Ste #C |
| Reem J Bello   rbello@wgllp.com | Los Angeles, CA 90008 |
| Theron S Covey   ecfcacbsa@piteduncan.com, ecfcacbsb@piteduncan.com | Roger Brown |
| Mark Domeyer   mdomeyer@mileslegal.com | 8500 S Figueroa St 200 |
| Mark D Estle   mdestle@estlelaw.com | Los Angeles, CA 90004 |
| Hannah L Fabrikant   ecfcacb@piteduncan.com | Earl Martin |
| Jeffrey K Garfinkle   bkgroup@buchalter.com, jgarfinkle@buchalter.com | 1625 W Vernon Ave |
| Brian D Huben   brian.huben@kattenlaw.com | Los Angeles, CA 90062 |
| Eddie R Jimenez   ecfcacbla@piteduncan.com | Gilfert Welton Jackson |
| Benjamin R Levinson   ben@benlevinsonlaw.com | 1507 E M L King Jr Blvd #C |
| Alison J Maloof   ecfcacbrs@piteduncan.com | Watts, CA 90011 |
| William F McDonald   ecfcacb@piteduncan.com, lisa@mcdonaldlegalgroup.com | Gilfert Welton Jackson |
| Dennette A Mulvaney   dmulvaney@bisnosam.com | 4285 Crenshaw Blvd, Suite #C |
| Brian A Paino   ecfcacb@piteduncan.com | Los Angeles, CA 90008 |
| JaVonne M Phillips   bknotice@mccarthyholthus.com | Gilfert Welton Jackson |
| Josephine E Piranio   ecfcacbrs@piteduncan.com | 880 W First St |
| Jason M Rund   trustee@srlawyers.com, jrund@ecf.epiqsystems.com | Los Angeles, CA 90012 |
| Edward G Schloss   egs2@ix.netcom.com | Gerald Thompson |
| Richard Sontag   richard@rswlaw.net | 880 W First St |
| John M Sorich   generalmail@aswlawoffice.com, kbernal@alvaradoca.com | Los Angeles, CA 90012 |
| United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov | Iraheta Blanca |
| John M White   scleere@houser-law.com | 880 W First St |
| Michael M Wintringer   mike@sgsslaw.com | Los Angeles, CA 90012 |
| Alan Steven Wolf   wdk@wolffirm.com | Telmi Rick |
| Jennifer C Wong   bknotice@mccarthyholthus.com | 880 W First St |
| Ji H Yoo   jyoo@erlaw.com | Los Angeles, CA 90012 |
| | Onubah Boniface |
| | 880 W First St |
| | Los Angeles, CA 90012 |
| | Terry McClain |
| | 880 W First St |
| | Los Angeles, CA 90012 |
| | Anita Jone |
| | 880 W First St |
| | Los Angeles, CA 90012 |
| | Ivan Horton |
| | 880 W First St |
| | Los Angeles, CA 90012 |
| | James Kings |
| | 880 W First St |
| | Los Angeles, CA 90012 |
| | John Fisher |

880 W First St
Los Angeles, CA 90012

Eric Muhammad
880 W First St
Los Angeles, CA 90012

Henrik Sardariani
880 W First St
Los Angeles, CA 90012

Gary Steve Coster
880 W First St
Los Angeles, CA 90012

Cherylynn Coster
880 W First St
Los Angeles, CA 90012

Rick Telmi
880 W First St
Los Angeles, CA 90012

Gerald Thompson
2529 W. 102nd Street
Inglewood, CA 90303,

Sam Chandra
174 W. Foothill Blvd, Suite 600
Monrovia, CA 91016

Richard Alan Lefkowitz
2660 Townsgate Rd Ste 725
West Lake Village, CA 91361

Litton Loan Servicing LLP
c/o Brice Vander Linden & Wernick PC
P O Box 829009
Dallas, TX 75382-9009

Michael J. Meade
Law Office of Michael J. Meade
5455 Wilshire Blvd. #1717
Los Angeles, CA 90036

Weiland, Golden, Smiley, Wang Ekvall &
Strok LLP
650 Town Center Dr, #950
Costa Mesa, CA 92626

Reuben Yeroushalmi
Yeroushalmi & Associates
3700 Wilshire Blvd Ste 480
Los Angeles,, CA 90010

Edward Weber
1665 Scenic Ave., Ste. 200
Costa Mesa, CA 92626

**EXHIBIT F**

1    CHERYLYNN COSTNER
     12211 Ojai Santa Paula Road
2    Ojai, California 93023

3
     (323) 599-1028
4    In Pro Per, as plaintiff

5

6

7              UNITED STATES DISTRICT COURT FOR

8           THE CENTRAL DISTRICT OF CALIFORNIA

9    CHERYLYNN COSTNER DBA HILLARY        Case No.  **CV08-07676**  (FFM)
     CHICKEN MEMORIAL FUND   AKA   All
10   Tenants, Sub Tenants, Named Claimants, and
     Other Occupants of the Premises Pursuant to     COMPLAINT FOR DAMAGES FOR:
11   CCP 1174.25 / CCP 1174.3
                                                     1) VIOLATIONS OF KLU KLUX KLAN
12                                                   ACT;
                    Plaintiffs,
13                                                   2) CONSPIRACY TO DEPRIVE CIVIL
                                                     RIGHTS UNDER COLOR OF THE LAW;
14   LES WILSON AKA LESLIE WILSON,
     LESLIE D. WILSON; MIKE WILSON AKA               3) VIOLATIONS OF RACKETEER
15   (unknown); STEVE LENGYL AKA SENIOR              INFLUENCED AND CORRUPT
     DEPUTY LENGYL; STEVE PIEHL AKA                  ORGANIZATIONS ACT;
16   OFFICER PIEHL; JEFF CARTER; TRENT
     ROYAL; RUBEN LOPEZ; MRA FUNDING                 4) EXTORTION;
17   CORPORATION AKA MRA FUNDING, ALL
     STATES, LIEN SALES SERVICE; JAMES               DECLARATORY RELIEF
18   MCDANIEL UNKNOWN NAMED LOS                      INJUNCTIVE RELIEF
     ANGELES COUNTY SHERIFF DEPUTY;                  PUNITIVE DAMAGES
19   UNKNOWN NAMED LOS ANGELES                       EXEMPLARY DAMAGES
     POLICE OFFICER; ED BOKS; CESSUH                 DEMAND FOR TRIAL BY JURY
20   AKA CESSUH #097; EMPIRE MORTGAGE
     X, INC; DEAN R. PROBER; CASSANDRA J.            *TO EXCEED $2,000,000.00*
21   RICHEY;                                         *IN DAMAGES*

22   DOES I – X Inclusive,

23                   Defendants.

24       1.  Plaintiff complain of defendants as follows:

25       2.  This complaint is brought by the above named plaintiffs enjoin and declare Ultra Viras

26   acts by defendants Void Ab initio, and to recover stolen property and monetary damages for the

     unconstitutional deprivation of the first, forth, thirteenth and fourteenth amendment rights of the

     plaintiff by: LES WILSON AKA LESLIE WILSON, LESLIE D. WILSON; MIKE WILSON

*(left margin, vertical)* LODGED   L.S. DISTRICT COURT DIST. OF CALIF. LOS ANGELES   2008 NOV 20 PM 4:32

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA ) **Case Name: CHERYLYNN COSTNER V. MRA FUNDING NETWORK**

COUNTY OF LOS ANGELES ) **Case#: CV09-649-PSG (EX)**

I, LAUREEN HAVARD, declare that:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is 20750 Ventura Blvd., Suite 100, Woodland Hills, California 91364.

On ___4/9/19___ , I served the **EMPIRE MORTGAGE X, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR EMPIRE MORTGAGE X, INC.'S MOTION TO EXPUNGE LIS PENDENS** on the interested parties in this action by placing true and correct copies thereof enclosed in a sealed envelope, with postage prepaid in the United States Mail at Woodland Hills, California, addressed as follows:

**CHERYLYNN COSTNER**
**PO BOX 5469**
**BEVERLY HILLS, CA 90209**

[] (By Mail [Federal]) I placed such envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California.

[] (By Mail [State]) I am readily familiar with Polk, Prober & Raphael's practice for the collection and processing of correspondence for mailing with the United States Postal Service; it is deposited with the United States Postal Service on the same date in the ordinary course of business at the business address shown above; I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in this declaration.

[X] FEDERAL EXPRESS (Overnight delivery) placing true and correct copies thereof enclosed in a sealed envelope(s), for overnight delivery at Woodland Hills, California, delivered to a driver authorized by Airborne Express with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served, at the office address as last given by that person(s) on any document filed in the case and served on the party making service or at that party's (s') place of residence.

[] (By Facsimile) I further declare the above-referenced documents were transmitted to the following parties on _____ by facsimile transmission as follows:
The transmissions were reported as complete and without error.

[] (Personal service) I caused such envelope to be delivered by hand to the addressee(s).

[x] Executed on ___4/9/09___ at Woodland Hills, California.

[] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X] (Federal) I declare that I am employed in the office of a member of the Bar at whose direction this service was made.

LAUREEN HAVARD

Proof of Service