O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-649 PSG (Ex) | Date | April 23, 2009 |
|---|---|---|---|
| Title | Cherylynn Costner v. MRA Funding Corporation | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order Denying Empire Mortgage X, Inc.'s Ex Parte Application**

   Pending before the Court is Empire Mortgage X, Inc.'s ex parte application for order shortening time to hear its motion to expunge lis pendens. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. Proc. 78; Local R. 7-15. After considering the moving and opposing papers, the Court DENIES the ex parte application.

I.   Background

   At a trustee's sale held on January 31, 2008, Defendant Empire Mortgage X, Inc. ("Empire Mortgage X") obtained title to property located at 3737 Aguilar Street, Los Angeles, California, 90065 (the "Property"). Thereafter, Empire Mortgage X filed and served a complaint for unlawful detainer against Plaintiff Cherylynn Costner ("Costner"), who previously owned the Property. Then, on November 12, 2008, nine months after Empire Mortgage X initiated its unlawful detainer action, Costner was locked out of the Property.

   On February 11, 2009, Empire Mortgage X accepted an offer for the sale of the Property. Sometime thereafter,[1] it was brought to Empire Mortgage X's attention that Costner had recorded a Notice of Lis Pendens in connection with *Cherylynn Costner v. MRA Funding Corporation*, CV 09-649 PSG (Ex), an action that Costner had filed in the Central District of California on January 30, 2009. The Notice of Lis Pendens was originally recorded on January

---

   [1]It is unclear from the moving papers exactly when Empire Mortgage X became aware of the Notice of Lis Pendens.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-649 PSG (Ex) | Date | April 23, 2009 |
|---|---|---|---|
| Title | Cherylynn Costner v. MRA Funding Corporation | | |

30, 2009.  An amended notice was filed on February 4, 2009.

According to Empire Mortgage X, the buyer has refused to purchase the property because of the Notice of Lis Pendens.  However, the buyer has apparently agreed to postpone the closing of the escrow at least twice now, pending resolution of the Notice of Lis Pendens issue.

In an effort to expedite the sale of the Property, Empire Mortgage X has filed the instant ex parte application.  Empire Mortgage X seeks an order shortening time to hear its motion to expunge the Notice of Lis Pendens.  It is Empire Mortgage X's position that it risks losing an able and ready buyer if the motion to expunge is not heard on an expedited basis and the Notice of Lis Pendens is not expunged.

II.     Discussion

To justify ex parte relief, the moving party must demonstrate that it will be irreparably prejudiced if the underlying motion is heard according to regular notice motion procedures.  *Mission Power Eng'g Co. v. Continental Cs. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  Additionally, the moving party must show that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.  *Id.*  Empire Mortgage X cannot demonstrate either of these two things.

"To show irreparable prejudice, it will be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial."  *Id.*  A cursory review of the motion demonstrates that Empire Mortgage X will likely prevail on the merits of its motion.  For instance, although not raised by Empire Mortgage X, because Costner is proceeding pro se, she was required to obtain the Court's approval before recording the Notice of Lis Pendens.  Cal. Civ. Proc. Code § 405.21.  This she failed to do, thus making the recording improper.

Nonetheless, although Empire Mortgage X is likely to prevail on its motion, it has not demonstrated irreparable prejudice.  Empire Mortgage X has not, for example, demonstrated that it will be unable to locate another buyer.  Presumably, if there are other buyers in the market, then if this buyer decides not to purchase the Property, Empire Mortgage X will be able to simply turn around and sell the Property to another buyer.  Thus, irreparable prejudice is lacking under these circumstances.  Additionally, and equally important if not more importantly, Empire Mortgage X has also failed to demonstrate that money damages will not adequately compensate it for any loss.  The fact that adequate compensatory damages are available weighs heavily

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-649 PSG (Ex) | Date | April 23, 2009 |
|---|---|---|---|
| Title | Cherylynn Costner v. MRA Funding Corporation | | |

against a claim of irreparable prejudice.

That there is no irreparable prejudice is reason enough to deny Empire Mortgage X's ex parte application. The ex parte application should also, however, be denied because Empire Mortgage X has not shown that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *Mission Power Eng'g Co.*, 883 F. Supp. at 492. By its own admission, Empire Mortgage X has postponed the closing of escrow twice now. Specifically, Empire Mortgage X first postponed the closing of escrow to March 31, 2009. It then postponed the closing of escrow to April 30, 2009. There is nothing in the record evidencing why Empire Mortgage X did not bring its motion according to regular motion procedures between February 11, 2009 and March 30, 2009. Had Empire Mortgage X done so, it would have been had its motion heard, at the latest, on April 20, 2009.

As another court aptly stated, "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have . . . ." *In re Intermagnetics America, Inc.*, 101 Bankr. 191, 193 (C.D. Cal. 1989). It appears that any present emergency is due to Empire Mortgage X's own actions. Accordingly, the application should be denied.

III.  Conclusion

Based on the foregoing, the Court finds that the papers do not show that bypassing the regular noticed motion procedure is warranted. Therefore, Empire Mortgage X's ex parte application is DENIED.

**IT IS SO ORDERED.**